### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAO CHENG<br><br>       Plaintiff,<br><br>  v.<br><br>LISA K. HELLER, *in her official capacity*, *et al.*,<br><br>       Defendants. | Civil Action No. 23-3168 (CKK) |

### MEMORANDUM OPINION
(December 14, 2023)

On October 23, 2023, Plaintiff Hao Cheng filed a [1] Petition for Writ of Mandamus and Complaint for Injunctive Relief (the "Complaint"), seeking a judgment from the Court compelling Defendant Lisa Heller, Consul General of the U.S. Consulate General in Guangzhou, China, Defendant David Meale, Deputy Chief of Mission at the U.S. Embassy in China, and Defendant Antony Blinken, Secretary of the U.S. Department of State (collectively, the "Defendants") to process his F-1 visa application, pursuant to the Administrative Procedure Act's ("APA") bar on "unreasonabl[e] delay[]," 5 U.S.C. § 706(1), or, in the alternative, pursuant to the Mandamus Act. The Court then issued an order stating that the matter was before the Court on *sua sponte* review of Plaintiff's Complaint. *See* Oct. 24, 2023 Minute Order. The Court ordered Plaintiff to show cause on or before November 24, 2023 why Plaintiff's Complaint should not be dismissed *sua sponte* for failure to state a claim. *Id.* Plaintiff then filed the [5] Response to Order to Show Cause ("Pl.'s Resp."). Upon review of Plaintiff's [1] Complaint, [5] Response, the relevant legal authority, and the record as a whole, the Court shall *sua sponte* **DISMISS** Plaintiff's [1] Petition for Writ of Mandamus and Complaint for Injunctive Relief in its entirety.

1

## I.  BACKGROUND

Plaintiff Hao Cheng is a citizen and resident of China.  Compl. ¶ 10.  In February 2023, Plaintiff filed an F-1 visa application.  *Id.* ¶ 1.  In March 2023, Plaintiff appeared for an interview at the U.S. Consulate General in Guangzhou, China.  *Id.* ¶ 16.  After the interview, the consular officer informed Plaintiff that his visa application was being placed in "administrative processing."  *Id.* ¶ 17.  Since then, although Plaintiff has inquired as to the status of his application on numerous occasions, his application has remained in administrative processing.  *Id.* ¶ 18.

Plaintiff then filed this action in October 2023.  *See generally id.*  Plaintiff alleges that the delay in adjudicating his visa application has "had a profound and negative impact on [his] studies and life."  *Id.* ¶ 19.  Plaintiff explains that his "life plans have been disrupted," as he had planned to "complete a Ph.D. in the United States and subsequently return to China to apply for the Chinese National Natural Science Foundation[.]"  *Id.* ¶ 3–4.  He also "left his job to focus on his visa application and is currently interning at various companies in China because he cannot secure permanent employment due to the delay [in processing his visa application]."  *Id.* ¶ 4.  Plaintiff argues that Defendants' delay in adjudication is unreasonable under the Administrative Procedure Act.  *Id.* ¶ 29.  Plaintiff further argues that relief under the Mandamus Act would be available if the Court determines that relief may not be granted under the APA.  *Id.* ¶ 35.

## II.  LEGAL STANDARD

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted.  *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (RC).  However, it is well settled in the D.C. Circuit that a court may dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6) where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the

complaint. *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990) (per curiam).

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006) (PLF).

## III.  DISCUSSION

Plaintiff primarily argues that Defendants' delay in adjudication is unreasonable under the Administrative Procedure Act. Compl. ¶ 29. Although a court may order an agency "to perform a [mandatory] act, [i.e.,] to take action upon a matter," a court may not decide "how [the agency] shall act." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004).

To determine whether a plaintiff has sufficiently alleged that agency action has been "unreasonably delayed," courts apply the familiar "*TRAC*" factors laid out in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984):

(1)  the time agencies take to make decisions must be governed by a rule of reason;

(2)  where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling

<ol>
<li></li>
</ol>

statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (internal quotation marks omitted); *see also Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) (RJL) (applying *TRAC* factors to claim for mandamus relief). Whether a delay is unreasonable "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful, but will depend in large part… upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003).

In his response to the Court's show cause order, Plaintiff indicates that the *TRAC* methodology is inappropriate at the motion to dismiss stage, in large part because the Court "has no factual evidence with which to use for its TRAC analysis." Pl.'s Resp. at 10; *id.* (stating that certain "fact[s]" do not exist yet for *TRAC* factors one and two); *id.* (stating "while defendants offer only the supposition of ubiquitous injury, if any, [] courts so often seem to accept as fact"); *id.* at 11 (stating "courts are left to substitute supposition for facts" due to defendants relying on "vagaries" like "disruption" and "floodgates to similar litigation"); *id.* (criticizing *TRAC* factor six). Admittedly, some district courts have concluded that it is inappropriate to decide

unreasonable delay claims at the motion to dismiss stage. *See Thomas v. Pompeo*, 438 F. Supp. 3d 35, 44 (D.D.C. 2020) (ESH) (concluding that "any determination of whether defendants have unreasonably delayed adjudication . . . is premature at this juncture"). However, the majority of authority demonstrates that it is appropriate to apply the *TRAC* factors at the motion to dismiss stage. *See, e.g.*, *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 94 (D.D.C. 2020) (JDB) (applying the *TRAC* factors at the motion to dismiss stage); *Didban v. Pompeo*, 435 F. Supp. 3d 168, 175 (D.D.C. 2020) (CRC) (same); *Sarlak v. Pompeo*, 2020 WL 3082018, at *5 (D.D.C. June 10, 2020) (BAH) (same); *Skalka*, 246 F. Supp. 3d at 153–54 (same); *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 50 (D.D.C. 2021) (TNM) (same). Accordingly, the Court concludes that it is appropriate to consider whether Plaintiff's Complaint meets the Rule 12(b)(6) pleading standards. The Court notes that it is "not determining whether there has been an unreasonable delay; rather, it is determining whether plaintiff['s] complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay." *Ghadami v. U.S. Dep't of Homeland Sec.*, 2020 WL 1308376, at *7 n.6 (D.D.C. Mar. 19, 2020) (ABJ). The Court now considers the various factors in turn.

### A. *TRAC* Factors One and Two

The D.C. Circuit has explained that the first *TRAC* factor—the time agencies take to make decisions must be governed by a "rule of reason"—is the "most important," although it is generally reviewed with the second *TRAC* factor as well. *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The inquiry centers on "whether the agency's response time . . . is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Int. v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014) (JEB). Because Congress has provided no statutory timeframe indicating how quickly it requires the State Department to adjudicate and re-adjudicate visa applications, *TRAC* factor two is inapplicable. "To the contrary, Congress has given the agencies wide discretion in the area of

immigration processing." *Skalka,* 246 F. Supp. at 153–54 (noting that a two-year delay in processing an immigration visa "does not typically require judicial intervention").

In general, courts in this jurisdiction have regularly found that the Government applies a "rule of reason" to the review of visa petitions by adjudicating applications in the order they were filed. *See, e.g., Muvvala v. Wolf*, 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) (CJN) ("Other federal courts have held that this first-in, first-out method of adjudication constitutes a 'rule of reason' and satisfies the first TRAC factor."). Courts in this jurisdiction often look to the length of delay as a rough yardstick to determine whether that "first-in, first-out" rule is, in fact, being applied.

Plaintiff filed his F-1 visa application in February 2023 and had his interview in March 2023. Compl. ¶ 1. Since then, his application has remained in administrative processing. *Id.* ¶¶ 1, 17–18. Plaintiff argues that this delay, which was approximately seven months when he filed the Complaint but has now become approximately nine months, is unreasonable. *Id.* ¶ 29.

However, courts in this jurisdiction routinely find that delays of numerous *years* are not unreasonable. *See, e.g.*, *Zaman v. U.S. Dep't of Homeland Sec.*, 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (ABJ) (finding that a delay of forty-two months was "insufficient to warrant emergency relief in this district"); *Pourshakouri v. Pompeo*, 2021 WL 3552199, at *8–9 (D.D.C. Aug. 11, 2021) (RJL) (finding delay of forty-four months not unreasonable); *Varghese v. Blinken*, 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (CRC) (finding delay of "around four years" does "not warrant judicial intervention, standing alone"); *Arab v. Blinken*, 2022 WL 1184551, at *8 (D.D.C. Apr. 21, 2022) (BAH) (ruling that a thirty-month delay was not unreasonable); *see also Yavari v. Pompeo*, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have

generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable.").

In the Court's show cause order, it directed Plaintiff to *Khoshrou v. Blinken*, No. 22-2859 (CKK), 2023 WL 493006 (D.D.C. Aug. 2, 2023), which collects the aforementioned cases.  *See* Oct. 24, 2023 Minute Order.  Plaintiff spends most of his response distinguishing his case from *Khoshrou* and emphasizing that the Court relied on "supposition, not fact[s]."  Pl.'s Resp. at 4–9.

First, Plaintiff argues that the Court "prematurely arrived at the conclusion" that pending for approximately seven months "is almost certainly a reasonable amount of time" because what constitutes as a "reasonable [amount of] time" is "case-specific and dependent on careful analysis of individualized factors."  *Id.* at 4–5.  Again, there are numerous cases in which courts have found delays much longer than Plaintiff's not to be unreasonable.  *See* cases cited *supra* pp. 6–7.  While the Court does not wish to minimize the burden that the delay has imposed on Plaintiff, the additional two months between the filing of the Complaint and the Court's application of the *TRAC* factors does not change this analysis.

Plaintiff next argues that the Court, "as many others, seem[] to accept as fact what is mere supposition."  Pl.'s Resp. at 6.  Plaintiff maintains that the purpose of *TRAC* is "to conduct an individualized assessment of facts and circumstances with respect to both injuries being inflicted by Plaintiff weighed against any potential negative impacts to the agency."  *Id.*  That is precisely the analysis this Court—and the other district courts in this jurisdiction—conducts.  District courts in this jurisdiction review the six *TRAC* factors and apply the facts as alleged in the appropriate complaint in determining whether a plaintiff has sufficiently alleged that agency action has been "unreasonably delayed."  *See, e.g.*, *Sarlak*, 2020 WL 3082108, at *5–7 (applying the *TRAC* factors to the facts of the case at the motion to dismiss stage); *Didban*, 435 F. Supp. 3d at 175–77 (same);

*Palakuru*, 521 F. Supp. 3d at 50–53 (same); *Skalka*, 246 F. Supp. 3d at 153–55 (same); *Ghadami*, 2020 WL 1308376, at *7–9 (same).

Overall, the time period for which Plaintiff's application has been in administrative processing is well within the bounds of that which other courts have found reasonable. Therefore, the Court finds that the first and second *TRAC* factors do not lend credence to Plaintiff's claim. As *TRAC* factor one is considered the "most important" factor, this finding weighs heavily in the Court's ultimate holding.

### B. *TRAC* Factors Three & Five

The third and fifth *TRAC* factors are often considered together and require the Court to consider Plaintiff's interests, health, and welfare. *Ghadami*, 2020 WL 1308376, at *9.

Plaintiff alleges that he is experiencing significant hardships due to the delay. Plaintiff states that he had planned to "complete a Ph.D. in the United States and subsequently return to China to apply for the Chinese National Natural Science Foundation." Compl. ¶ 4. However, the delay has "put[] this opportunity at risk." *Id.* In addition, Plaintiff "left his job to focus on his visa application and is currently interning at various companies in China because he cannot secure permanent employment due to the delay," which ultimately "affects [his] ability to begin his academic journey" and "impact[s] his ability to achieve his educational and career goals." *Id.* The Court finds that factor five—regarding Plaintiff's interests—weighs slightly in his favor, as Plaintiff has shown he is suffering real hardships related to his uncertain educational and professional future. *Cf. Khoshrou*, 2023 WL 4930086, at *4; *Rezaei v. Garland*, 2023 WL 5275121, at *3 (D.D.C. Aug. 16, 2023) (CKK); *Fakhimi v. Dep't of State*, 2023 WL 6976073, at *9 (D.D.C. Oct. 23, 2023) (CKK); *Shen v. Pompeo*, 2021 WL 1246025, at *8 (D.D.C. Mar. 24, 2021) (ABJ); *Rahman v. Blinken*, 2023 WL 196428, at *4 (D.D.C. Jan. 17, 2023) (JEB).

However, Plaintiff has failed to plead plausible allegations of harm regarding his health and welfare, *cf. Shen*, 2021 WL 1246025, at *8, that are present in other cases in which courts have weighed factor three in a plaintiff's favor, *see, e.g.*, *Ghadami*, 2020 WL 1308376, at *9 (weighing factors three and five in favor of visa applicant who alleged that he was "irrevocably harmed" by separation from his children and wife due to government's delay in rendering a decision); *Didban*, 435 F. Supp. 3d at 177 (finding plaintiffs' interests in having their waiver application adjudicated were "undeniably significant" because they had "to endure a prolonged and indefinite separation, thereby forcing them to delay beginning their life as a married couple").

Plaintiff alleges that he is "suffering from significant personal, financial, and emotional hardship due to the delay" because, in addition to having his educational and career plans affected, he has experienced symptoms of depression and insomnia, and he has difficulty supporting his family (including his mother who is undergoing cancer treatment)." Compl. ¶¶ 2–5.

The Court is sympathetic to these concerns. At the same time, the Court must also be mindful that "many others face similarly difficult circumstances as they await adjudication of their visa applications." *Mohammed v. Blinken*, 2021 WL 2866058, at *6 (D.D.C. July 8, 2021) (TNM); *see also Palakuru*, 521 F. Supp. 3d at 53 ("While the Court does not doubt that [plaintiff] has an interest in prompt adjudication, so too do many others facing similar circumstances"). Plaintiff's economic and personal hardships here are insufficient to tilt factor three in his favor. *See, e.g.*, *Rezaei*, 2023 WL 5275121, at *4 (allegations of "emotional and mental suffering as a result of [the] delay" are insufficient to weigh factor three in plaintiff's favor).

As such, factors three and five, on balance, do not support Plaintiff's case.

**C.  *TRAC* Factor Four**

Next, *TRAC* factor four requires an assessment of "the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80.

Granting Plaintiff the relief he seeks would merely "reorder a queue of applicants seeking adjudication." *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (BAH). The D.C. Circuit has emphasized the importance of considering "competing priorities" in assessing the "reasonableness of an administrative delay"–even "refus[ing] to grant relief when all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue [would] simply move[] all others back one space and produce[] no net gain." *Mashpee Wampanaoag Tribal Council, Inc.*, 336 F.3d at 1100 (quoting *In re Barr*, 930 F.2d 72, 75 (D.C. Cir. 1991)); *see also Ghadami*, 2020 WL 1308376, at *9 (finding that "expediting review in [the plaintiff's] case would merely direct government resources from the adjudication of other waiver applications"). Any such order would plainly interfere with the agency's "unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." *In re Barr*, 930 F.2d at 76.

Courts in this jurisdiction, including *this* Court, routinely decline to grant relief that would place one prospective visa applicant ahead of others. *See, e.g.*, *Xiaobing Liu v. Blinken*, 544 F. Supp. 3d 1, 13 (D.D.C. 2021) (TJK) ("This factor not only favors Defendants, but ends up altogether dooming Plaintiffs' claims of unreasonable delay."); *Verma v. U.S. Citizenshp. & Immigr. Servs.*, 2020 WL 7495286, at *9 (D.D.C. Dec. 18, 2020) (RDM); *Dehghanighanatghestani v. Mesquita,* 2022 WL 4379061, at *7 (D.D.C. Sept. 22, 2022) (CKK); *Pushkar v Blinken*, 2021 WL 4318116, at *7 (D.D.C. Sept. 23, 2021) (CKK); *Manzoor v. USCIS*, 2022 WL 1316427, at *5– 6 (D.D.C. May 3, 2022) (CKK). The Court will now do the same here, finding that the fourth *TRAC* factor weighs strongly against Plaintiff.

**D.  *TRAC* Factor Six**

Finally, the sixth *TRAC* factor states that a "[c]ourt need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed." *Ghadami*, 2020 WL 1308376, at *9.  The Court "must determine whether the agency has acted in bad faith in delaying action." *Gona v. U.S. Citizenshp. & Immigr. Servs.*, 2021 WL 736810, at *5 (D.D.C. Feb. 25, 2021) (RCL).

Here, Plaintiff has not alleged any bad faith on the part of Defendants.  *See generally* Compl.  As *TRAC* directs, however, the lack of plausible allegations of impropriety does not weigh against Plaintiff, and therefore does not alter the Court's analysis.  *See Palakuru*, 2021 WL 674162, at *6 (considering the sixth TRAC factor "neutral" even though the plaintiff alleged that the government had engaged in "purposeful delay" and "artificially inflate[d] [] processing times").

*        *        *

Altogether the Court finds that, based on the Court's analysis under the *TRAC* factors, it is "patently obvious" that Plaintiff cannot prevail on the facts alleged in his Complaint to make out a claim for unreasonable delay of his visa application.  Therefore, the Court concludes that Plaintiff's Complaint must be dismissed *sua sponte* for failure to state a claim under Rule 12(b)(6).

**E.  Mandamus Claim**

Like his APA claim, Plaintiff's mandamus claim revolves around Defendants' alleged unreasonable delay in adjudicating Plaintiff's F-1 visa application.  Compl. ¶¶ 30–35.  "The standard by which a court reviews . . . agency inaction is the same under both § 706(1) of the APA and the Mandamus Act." *Skalka*, 246 F. Supp. 3d at 152 (D.D.C. 2017) (citing 28 U.S.C. § 1361). In either analysis, courts must determine whether "the agency has unreasonably delayed the

contemplated action."  *In re Core Commc'ns, Inc.*, 531 F.3d at 855 (internal quotation marks omitted).  As the Court has determined that under the APA the delay in this case in adjudicating Plaintiff's F-1 visa application is not unreasonable, this conclusion applies with equal force to his mandamus claim.  *See, e.g.*, *Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) (CJN) ("Because Plaintiffs' APA claim fails, mandamus is not available.").  Furthermore, the D.C. Circuit has indicated that courts should "reject[] mandamus claims that would have [] the effect of allowing the plaintiffs to jump the line, functionally solving their delay problem at the expense of other similarly situated applicants."  *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 192 (D.C. Cir. 2016); *see also Bagherian*, 442 F. Supp. 3d at 96 (applying this reasoning in visa application cases).  Accordingly, Plaintiff's mandamus claim also fails.

## IV. CONCLUSION

For the foregoing reasons, the Court shall *sua sponte* **DISMISS** Plaintiff's [1] Petition for Writ of Mandamus and Complaint for Injunctive Relief in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

_____
                /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
